Commonwealth v. Sponheimer.

*Jean A. Engler*, for plaintiff.
*Kent D. Watkins*, for defendant.

NANOVIC, *J.*, July 24, 2012—The defendant, Kermit R. Sponheimer, has appealed from the judgment of sentence imposed on May 14, 2012, raising one issue: whether the sentence is excessive and unduly harsh because it runs consecutively to a sentence previously imposed on an unrelated case. This opinion is filed in accordance with Pa.R.A.P. 1925 (a).

## PROCEDURAL AND FACTUAL BACKGROUND

On March 5, 2012, defendant pled guilty to criminal attempt to commit the crime of contraband, a felony of the second degree. 18 Pa.C.S.A. §§ 901 (a), 5123 (a.2). The offense involved defendant's attempt to have his son supply defendant with suboxone, a schedule III narcotic, while defendant was an inmate in the Carbon County correctional facility. The plea agreement recommended a sentence of two to five years with the remaining charges to be dismissed. The agreement was silent on whether the sentence would be concurrent or consecutive to any existing sentence defendant was serving.

Plaintiff's plea was taken on the first day defendant's case was scheduled for jury trial. Upon receipt of defendant's plea, a pre-sentence investigation was ordered. Sentencing was scheduled for May 14, 2012. At the time of sentencing, the pre-sentence investigation report previously ordered was made part of the record. The report recommended a sentence of not less than twenty-four months nor more

than sixty months in a state correctional facility. The recommendation further indicated that defendant was entitled to no credit.

At the time of the offense, defendant was fifty-eight years old. He was sixty at the time of sentencing. Defendant had a significant criminal history spanning twenty-seven years, between 1983 and 2010, with fourteen recorded offenses. Defendant's prior record score was five. The standard guideline range was twenty-four to thirty months.

Defendant's prior criminal history was significant for drug use and for crimes to support his habit. Defendant admitted he preyed on the love and vulnerability of his son to entice him, as well as defendant's wife, to arrange to smuggle Suboxone into the prison for defendant's use.

The sentence imposed ran consecutive to a sentence defendant was then serving in the county prison for retail theft, a felony of the third degree, with the max-date being September 30, 2012. (Pre-sentence investigation report, p. 5).

As stated at sentencing, the reasons for the sentence included defendant's serious addiction problem which he had failed to address; the nature and circumstances of defendant's conduct which showed a disregard for the community; the perceived risk that defendant would commit further criminal acts based upon his previous history; and consistency of the sentence with the plea agreement. The court further noted defendant's long and extensive criminal history and condemned defendant for preying on his son and involving his son in his criminal activities.

On May 24, 2012, defendant filed a post-sentence motion seeking to have his sentence modified to run concurrent to the sentence defendant was serving for retail theft. This motion was denied by order dated May 31, 2012.

Defendant's notice of appeal was filed on June 4, 2012. Subsequently, on June 27, 2012, defendant filed a timely concise statement in response to our Pa.R.A.P. 1925 order of June 5, 2012.

## DISCUSSION

The issue defendant raises is a challenge to the discretionary aspects of his sentence. *Commonwealth v. Marts*, 889 A.2d 608 (Pa.Super. 2005) (holding that a challenge to the trial court's imposition of consecutive sentences is a challenge to the discretionary aspects of the sentence); see also *Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa.Super. 1994) (explaining that where a plea agreement exists which is silent as to a discretionary aspect of sentencing, an appeal which addresses the court's exercise of discretion on such matters is not barred by the plea agreement), appeal denied, 540 Pa. 594, 655 A.2d 983 (Pa. 1995). Such challenges, as a condition to appellate review, require a defendant to set forth pursuant to Pa.R.A.P. 2119 (f)[1] a substantial question that the sentence imposed

---

1. Pa.R.A.P. (f) provides:
Discretionary aspects of sentence. An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.
Before reaching the merits of a discretionary sentencing issue on appeal, the appellate court conducts a four-part analysis to determine:
(1) whether appellant filed a timely notice of appeal, Pa.R.A.P. 902,

was not appropriate under the sentencing code. *Marts,* 889 A.2d at 612 (Pa. Super. 2005). When the claim involves excessiveness of the sentence, a prima facie showing of a substantial question requires the defendant to "sufficiently articulate[] the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the sentencing code or a particular norm underlying the sentencing process." *Commonwealth v. Mouzon,* 812 A.2d 617, 627 (Pa. 2002) (plurality).

Specifically, when the claim challenges the length of imprisonment predicated on the imposition of consecutive sentences, the Superior Court noted:

> Recently, this court examined whether a claim that an appellant's sentence was manifestly excessive based on the imposition of consecutive sentences presents a substantial question. Specifically, in *Gonzalez-Dejusus,* this court held the following:

> Generally speaking, the court's exercise of discretion in imposing consecutive as opposed to concurrent sentences is not viewed as raising a substantial

903;
(2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720;
(3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119 (f); and
(4) whether there is a substantial question that the sentence appealed from is not appropriate under the sentencing code.
*Commonwealth v. Mastromarino,* 2 A.3d 581, 585 (Pa.Super. 2010), appeal denied, 609 Pa. 685, 14 A.3d 825 (2011). The statement of the reasons relied upon for allowance of the appeal under rule 2119 (f) "focus[es] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Reynolds,* 835 A.2d 720, 733 (Pa.Super. 2003) (quoting *Commonwealth v. Goggins,* 748 A.2d 721, 727 (Pa.Super. 2000)).

question that would allow the granting of allowance of appeal. *Commonwealth v. Marts*, 889 A.2d 608 (Pa. Super.2005). However, the case of *Commonwealth v. Dodge* ("*Dodge I*"), 859 A.2d 771 (Pa.Super.2004) [(Stevens, J., dissent)], vacated and remanded on other grounds, 594 Pa. 345, 935 A.2d 1290 (2007), finds an aggregate sentence manifestly excessive and that a substantial question was presented where there were numerous standard range sentences ordered to be served consecutively. *Dodge I* offered this holding despite the existence of prior cases finding that an assertion of error grounded upon the imposition of consecutive versus concurrent sentences did not raise a substantial question. Discussing the matter, *Marts* indicates:

To the extent that he complains that his sentence on two of the four robberies were imposed consecutively rather than concurrently, [the appellant] fails to raise a substantial question. Long standing precedent of this court recognizes that 42 Pa.C.S.A. section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. *Commonwealth v. Graham*, 541 Pa. 173, 184, 661 A.2d 1367, 1373 (1995).... Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. *Commonwealth v. Johnson*, 873 A.2d 704, 709 n. 2 (Pa.Super.2005); see also *Commonwealth v. Hoag*, 445 Pa.Super. 455, 665 A.2d 1212, 1214 (Pa. Super.1995) (explaining that a defendant is not entitled to a "volume discount" for his or her crimes).

The recent decisions of a panel of this court in

*Commonwealth v. Dodge,* 859 A.2d 771 (Pa. Super. 2004), does not alter our conclusion. In fact, the panel in *Dodge* noted the limitations of its holding. See *id.* at 782 n. 13 (explaining that its decision 'is not to be read a [sic] rule that a challenge to the consecutive nature of a standard range sentence always raises a substantial question or constitutes an abuse of discretion. We all are cognizant that sentencing can encompass a wide variation of factual scenarios. Thus, we make clear again that these issues must be examined and determined on a case-by-case basis.'). In *Dodge,* the court imposed consecutive, standard range sentences on all thirty-seven counts of theft-related offenses for an aggregate sentence of 58 1/2 to 124 years of imprisonment.

*Marts,* 889 A.2d at 612-613 (Pa. Super. 2005). *Thus, in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.*[5]

FN5. ....We note that *Dodge I* was decided prior to the supreme court's decision in *Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957 (2007). Of course, in *Walls,* our supreme court reiterated that the ability of this court to vacate a sentence is predicated upon a sentence being outside of the guidelines. Given *Walls,* it would appear reasonable to consider whether the *Dodge* approach to reviewing and vacating aggregate sentences that may have been viewed as manifestly excessive, although comprised of standard range sentences, had continuing viability. However, *Dodge*

was remanded back to this court for reconsideration in light of *Walls*. Upon reconsideration, the original panel still found the sentence unreasonable and vacated the sentence previously imposed. *Commonwealth v. Dodge* (*"Dodge II"*), 957 A.2d 1198 (Pa.Super.2008). Thus, as of this date, we view the "excessive aggregate sentence" argument as cognizable upon appellate review.

*Commonwealth v. Mastromarino*, 2 A.3d 581, 586-87 (Pa.Super. 2010) (emphasis added) (footnote in original), appeal denied, 14 A.3d 825 (Pa. 2011).

As to the merits of defendant's appeal:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. To constitute an abuse of discretion, the sentence imposed must either exceed the statutory limits or be manifestly excessive. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa.Super. 2005) (quoting *Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa.Super. 2003)).

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the

best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Id.* Moreover,

[w]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.... Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

*Commonwealth v. Devers*, 519 Pa. 88, 100, 546 A.2d 12, 18 (1988).

The sentence imposed here is clearly not illegal; for a felony of the second degree a defendant may be imprisoned for a period not to exceed ten years. 18 Pa.C.S.A. § 1103 (2). Further, the sentence was at the low end of the standard sentencing guideline range of twenty-four to thirty months and consistent with the plea agreement, which recommended a period of imprisonment on the offense pled of two to five years.

At the time of sentencing, the court was clear that the sentence was to run consecutive to any other sentence defendant was then serving. (N.T. 5/14/12, pp. 4, 6-7). The consequence of this sentence was understood and clearly intended by the court. *Id.* The court further clearly stated on the record the reasons for the sentence, including defendant's implicating his son in committing this crime.

(N.T. 5/14/12, pp. 4-6).

The sentence imposed was within the guideline range, notwithstanding being consecutive to defendant's previous sentence for retail theft, the effect being to further circumscribe appellate review: sentences within the standard range must be evaluated under the "clearly unreasonable" standard set out in 42 Pa.C.S.A. § 9781 (c) (2), as opposed to the standard of reasonableness applicable to sentences which lie outside of the sentencing guidelines. *Commonwealth v. Coulverson*, 34 A.3d 135, 146 (Pa. Super. 2011). Yet, defendant has presented no arguments that the sentence imposed violated any specific provisions of the sentencing code; nor has defendant specified any particular deviation from the fundamental norms underlying the sentencing process. See *Commonwealth v. Pass*, 914 A.2d 442, 446-47 (Pa.Super. 2006) ("42 Pa.C.S. section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively.... Any challenge to the exercise of this discretion ordinarily does not raise a substantial question."); see also *Commonwealth v. Bromley*, 862 A.2d 598 (Pa.Super. 2004) (defendant did not raise substantial question by merely asserting sentence was excessive when he failed to reference any section of sentencing code potentially violated by sentence).

Because defendant had already served twenty months of the six to twenty-four month sentence he was then serving for retail theft at the time of the sentence imposed in this case, the difference between running the sentences concurrent to one another, as requested by defendant, or consecutive, as was done, is four months on defendant's overall sentence. This additional four months is neither

grossly disparate to defendant's conduct nor patently unreasonable. Consequently, we conclude that both under the law and the facts, defendant has not demonstrated that the sentence imposed was unreasonable or manifestly excessive.

## CONCLUSION

Defendant has not raised, much less proven, a substantial question that the aggregate sentence imposed violates either a specific provision of the sentencing scheme set forth in the sentencing code or was inappropriate or contrary to a fundamental norm underlying the sentencing process. In addition, the sentence imposed was appropriately commensurate with the criminal conduct at issue in this case. Accordingly, we respectfully request the court affirm our decision and deny defendant's appeal.